UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUSTIN B. SULLIVAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 16-CV-10713-AK |
| v. | ) | |
| | ) | |
| DUMONT AIRCRAFT CHARTER, LLC, | ) | |
| DUMONT AVIATION, LLC, and | ) | |
| KEVIN WARGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON
## ANDREW PAGE'S MOTION TO INTERVENE

**ANGEL KELLEY, D.J.**

Before this Court is Andrew Page's Motion to Intervene. Mr. Page is an explicit and intended third-party beneficiary of the finalized settlement agreement (the "Agreement") in this matter. For the following reasons, Mr. Page's Motion to Intervene [Dkt. 242] is **GRANTED**.

**I.    BACKGROUND**

As stated in the Parties' Joint Motion to Enforce Settlement, "Plaintiff asserted claims alleging that Defendants breached the terms of his employment agreement/were unjustly enriched and that Defendants violated the Massachusetts Wage Act and federal Fair Labor Standards Act by failing to pay Plaintiff at least minimum wage. Defendants asserted various counterclaims against Plaintiff, but through a combination of summary judgment and jury verdict, a judgment was eventually awarded in Plaintiff's favor and the case was closed." [Dkt.

1

227 at 1 (citations omitted)]. The Defendants subsequently appealed the verdict. After taking part in the First Circuit's mandatory Civil Appeals Management Plan and participating in mediation, the Parties reached a settlement in principal. After the Plaintiff ceased communication before finalizing the Agreement, the Parties filed a Motion to Enforce the Settlement Agreement in this Court. While the Motion was pending, the Plaintiff re-engaged with the settlement process and following the submission of a joint proposed order, the Court granted the Motion to Enforce the Settlement Against Plaintiff Justin Sullivan. [Dkt. 241].

Of note, after mediation but before execution of the final Agreement, "a third-party judgment creditor of Sullivan [(Andrew Page)] filed a reach and apply action in the district court against Sullivan and Reach and Apply Defendants Dumont Aircraft Charter LLC, Dumont Aviation LLC, and Kevin Wargo, based on a judgment in Plymouth Superior Court of $204,000. . . . The district court granted the temporary restraining order and, on May 2, 2025, entered judgment in favor of the plaintiff against Sullivan in in the amount of $231,165.57. On June 21, 2024, the district court entered judgment against the Reach and Apply Defendants in the same amount." [Dkt. 232 at 1-2 (citations omitted)]. In light of the above, the finalized Agreement specifically contemplated payment directly to Mr. Page to satisfy these judgments. Despite these terms in the Agreement, "none of the provisions related to Mr. Page have proceeded. [Mr. Page's] counsel contacted counsel for the Parties and requested information on the progress of the Settlement Agreement, but received no response from any counsel." [Dkt. 242 at 2].

Mr. Page filed the instant Motion to Intervene on December 1, 2025 [id.] and neither of the Parties have responded.

## II.   DISCUSSION

To intervene as of right under Fed. R. Civ. P. 24(a)(2), the proposed intervenor must establish "(1) the motion was timely, (2) it has the requisite interest relating to the property or transaction which is the subject of the action, (3) the action may as a practical matter impair or impede its ability to protect that interest and (4) its interest is not adequately represented by existing parties." United Nuclear Corp. v. Cannon, 696 F.2d 141, 142-43 (1st Cir. 1982).  Mr. Page meets all four criteria.

First, Mr. Page's intervention is timely.  The timeliness of a motion to intervene is "fact-sensitive and depends on the totality of the circumstances." R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009).  Courts look to four factors to determine whether intervention is timely: "(i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." Id.

Mr. Page meets all four timeliness factors.  This Court granted the Motion to Enforce the Settlement Agreement on September 10, 2025. [Dkt. 241].  "Following that Order, [] counsel for Mr. Page contacted counsel for the Parties in this action and, given Mr. Page's interest in any payments to be made under the Settlement Agreement, requested to be informed of the Agreement's terms relevant to him.  The Parties agreed and provided Mr. Page a redacted version of the Settlement Agreement that the Court had ordered to be enforced." [Dkt. 242 at 2].  After allowing time for and the Parties' subsequent failure to fulfill the requirements of the Agreement as to Mr. Page, he filed the instant Motion to Intervene within a timeframe that was certainly

3

reasonable.  Considering all that remains is the enforcement of the Agreement, including as to Mr. Page, there would be no prejudice to the existing Parties should the Motion be allowed. Conversely, failing to allow intervention would prejudice Mr. Page's ability to enforce the Agreement provisions relevant to the money he is owed.

To the second intervention factor, Mr. Page has the required interest in this litigation. Unlike an incidental third-party beneficiary, Mr. Page is an explicit and intended third-party beneficiary of the Agreement, which specifically contemplates first satisfying the judgment(s) Mr. Page has against the Parties.  See Motorsport Eng'g, Inc. v. Maserati SPA, 316 F.3d 26, 29 (1st Cir. 2002) ("If the signatories so intend, a third party can enforce the contract against the signatory so obligated.").  As an intended third-party beneficiary, Mr. Page has a clear interest in the litigation.

Third, this suit, and by extension the Agreement, could significantly impact Mr. Page's ability to recover the money it has already been determined he is owed, satisfying the third intervention element.  Finally, none of the Parties adequately represent Mr. Page's interest in the settlement funds.  Neither Plaintiff, who is interested in his own recovery, nor the Defendants, who are interested in fully resolving the judgement as soon as possible, adequately represent Mr. Page's interest in recovering the $231,165.57 judgment, issued first by the Plymouth Superior Court against Plaintiff, and then by another session of this court in a reach and apply action.

On a final note, no Party has opposed this Motion.  As all four factors weigh in favor of Mr. Page and it is otherwise unopposed, the Court will **ALLOW** the Motion to Intervene.

### III. CONCLUSION

For the foregoing reasons Mr. Page's Motion to Intervene [Dkt. 242] is **GRANTED**.

**SO ORDERED.**

Dated: February 24, 2026                            /s/ Angel Kelley
                                                    Hon. Angel Kelley
                                                    United States District Judge